STATE OF WEST VIRGINIA

*In re*: B.W. and G.W.

**FILED**

**October 23, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 17-0536 (Kanawha County 16-JA-249 & 16-JA-250)

## MEMORANDUM DECISION

Petitioner Father, D.W., by counsel Kevin P. Davis, appeals the Circuit Court of Kanawha County's May 19, 2017, order terminating his parental rights to B.W. and G.W.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Steven R. Compton, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Jennifer R. Victor, filed a response on behalf of the children in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in (1) finding by clear and convincing evidence that he abused and/or neglected his children and (2) terminating his parental rights without first granting an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2016, the DHHR filed an abuse and neglect petition against petitioner and the mother. According to the petition, the DHHR received a referral that the mother dropped the children, B.W. and G.W., off with her father and never returned for them. Regarding petitioner, the DHHR alleged that he failed to provide the children with necessary food, clothing, supervision, housing, and financial support. Petitioner moved to Arkansas in approximately 2012 or 2013 and had no contact with the children thereafter. The DHHR alleged that the parents were not sufficiently motivated or organized to provide for the children's needs and that their conduct constituted extreme maltreatment and negligent treatment which threatened the children's life, health, and welfare.

In November of 2016, the circuit court held an adjudicatory hearing, during which the DHHR presented the testimony of the mother's father and her former boyfriend. Both witnesses

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

testified that petitioner had no contact with the children following his move to Arkansas. The witnesses stated that petitioner failed to pay child support, never attempted to call or visit the children, and never sent the children gifts or money on their birthdays or Christmas. Petitioner testified on his own behalf. When asked whether he ever provided anything for the children by way of clothing, food, or otherwise, petitioner admitted that he failed to do so after leaving West Virginia in 2012 or 2013. Petitioner also admitted that he never paid child support, but claimed he knew nothing about that obligation. The circuit court adjudicated petitioner as an abusing parent, finding that he abandoned the children and failed to provide financial, emotional, physical, or psychological support.

The circuit court held a dispositional hearing in January of 2017. On behalf of the DHHR, a Child Protective Services ("CPS") worker testified that the allegations against petitioner included his failure to provide for the children after moving away and having no further contact with them. Petitioner testified on his own behalf and admitted to abusing and/or neglecting his children by not providing for them. Petitioner admitted that he failed to pay child support, contact the children, or enforce his right to custody of the children. Ultimately, the circuit court terminated petitioner's parental rights to the children.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner argues on appeal that the circuit court erred in finding, by "clear and convincing" evidence, that petitioner abused or neglected the children by abandoning them. He argues that evidence of abandonment in the proceedings below was speculative at best. We do not agree. Pursuant to West Virginia Code § 49-1-201, "'[a]bandonment'" means any conduct that demonstrates the settled purpose to forego the duties and parental responsibilities to the child[.]" Further, we have described the "clear and convincing" standard as one in which

---

[2]Both parents' parental rights were terminated below. According to the DHHR, the children are placed in the home of their maternal grandfather with a goal of adoption therein.

2

the evidence in an abuse and neglect case does not have to satisfy the stringent standard of beyond a reasonable doubt; the evidence must establish abuse by clear and convincing evidence. This Court has explained that "'clear and convincing' is the measure or degree of proof that will produce in the mind of the factfinder a firm belief or conviction as to the allegations sought to be established." *Brown v. Gobble*, 196 W.Va. 559, 564, 474 S.E.2d 489, 494 (1996)

*In re F.S. and Z.S.*, 233 W.Va. 538, 546, 759 S.E.2d 769, 777 (2014).

The evidence below was sufficient to establish that petitioner abused and neglected the children by abandonment. The circuit court was presented with evidence that petitioner moved to Arkansas in 2012 or 2013. After moving, petitioner had no contact with the children. He did not pay child support, visit or speak to the children, or send any type of support, gifts, or money. Petitioner's role in the lives of his children was nonexistent. In fact, during the dispositional hearing, when asked whether he was admitting to the circuit court that he abandoned his children, petitioner responded "Yes. It's obvious." Accordingly, we find no error in the circuit court's adjudication of petitioner as an abusing parent.

Petitioner next argues that the circuit court erred in terminating his parental rights without first granting him an improvement period. We disagree. Pursuant to West Virginia Code § 49-4-610, "[a] court may grant a [parent] an improvement period . . . when . . . the [parent] files a written motion . . . [and] demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period[.]" The record on appeal is devoid of any such written motion. During his testimony, petitioner simply stated that he would comply with any services, were they offered. Moreover, the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) (holding that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements"). We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . .'" *In re: Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004).

Here, even if petitioner had filed a written motion, it is clear from the record that he failed to demonstrate his ability to fully participate in an improvement period. As mentioned, the circuit court was presented with evidence that petitioner abandoned the children. Petitioner did not attempt to contact or visit his children after 2012 or 2013. Further, petitioner did not comply with prior court orders to pay child support, nor did he provide for his children either physically, financially, or emotionally. In fact, petitioner testified that he never sent or provided things such as gifts, food, or clothing. However, rather than take responsibility for his actions, petitioner blamed the mother for not allowing him to contact the children. During his testimony, petitioner admitted that he made no attempts to rectify the situation through available legal means. We have previously held that

3

[i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. at 217, 599 S.E.2d at 640). Contrary to petitioner's argument that he would successfully comply with an improvement period, his actions show no effort to care for or contact his children over the course of several years. Further, petitioner's testimony showed that he took no responsibility for his actions, nor recognized his parenting deficiencies. As such, we find no error in the circuit court's decision denying petitioner an improvement period.

Further, West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. Moreover, we have previously held that

"[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). West Virginia Code § 49-4-604(c)(4) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent or parents have abandoned the child[.]" As previously mentioned, the circuit court found that petitioner abandoned his children due his failure to provide financial, emotional, physical, or psychological support. Petitioner did not visit, talk to, or send anything to the children or the mother after moving to Arkansas. While petitioner asserts that his failure to see or provide for his children was due to the mother's refusal to allow him access to the children, he provided no evidence of attempts to contact the mother or remedy the situation. Given these facts, we find that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future. As such, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 19, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  October 23, 2017


**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

5